IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RASHAUD Q. LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CV-00621-DGK |
| JACKSON COUNTY, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS**

This case arises from injuries correctional officers allegedly inflicted on Plaintiff Rashaud Q. Lewis while he was detained at the Jackson County Detention Center. He brings this claim for damages under 42 U.S.C. § 1983 and Missouri law. Defendants Jackson County, Joseph Piccinini, George Indelivato, Ronnie Rahe, Anyu Nji, Ryan Arnold, Raymond Holland, Raphael Okosi, Henry Osuagwu, and Christopher Wolfe deny the allegations.[1]

Now before the Court is Defendants'[2] motion to dismiss for failure to state a claim (Doc. 8). Because Plaintiff has consented to the dismissal of some claims and has failed to properly plead the others, the motion is GRANTED.

**Standard of Review**

Courts may dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the

---

[1] For purposes of the present motion, the Court refers to Defendants as only those who join in the instant motion to dismiss.

[2] Defendants' counsel also inadvertently filed the motion to dismiss on behalf of Jacob Shaffer, whom she does not represent. Accordingly, the Court strikes his name from the motion to dismiss.

Plaintiff . . . ." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, the court construes it liberally and draws all reasonable inferences in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Background**

Plaintiff's Complaint alleges fifty-five causes of action against Defendants. All counts asserted against the Individual Defendants are plead against them in both their individual and official capacities.[3] Plaintiff's Complaint alleges that while he was a pre-trial detainee at the Jackson County Detention Center in 2015, he was abused by correctional officers, housed in dirty cells, and put in a restraint chair as punishment, all in violation of 42 U.S.C. § 1983 and Missouri law. Because the 144-page Complaint contains over fifty-five allegations of misconduct, the Court does not address the specific facts of each count here.

**Analysis**

In the motion to dismiss, Defendants argue: (1) all claims against the Individual Defendants in their official capacities are barred by sovereign immunity; (2) Counts 4, 13, 22, 31, 40, and 49 against Jackson County are barred by sovereign immunity; (3) Plaintiff's assault and battery claims in Counts 7, 16, 25, 34, 43, and 52 are time-barred; (4) Plaintiff's emotional distress claims in Counts 9, 18, 27, 36, 45, and 54 are time-barred; and (5) the Individual Defendants are entitled to

---

[3] Plaintiff originally named Defendant Dawn Joanna Diel in her official capacity only, but later consented to her dismissal (Docs. 17, 18).

official immunity on Counts 8, 17, 26, 35, 44, and 53.[4]  In his response, Plaintiff consents to the dismissal of (1) all claims against the Individual Defendants in their official capacities; (2) Counts 4, 13, 22, 31, 40, and 49; (3)  Counts 7, 16, 25, 34, 43, and 52; (4) and Counts 9, 18, 27, 36, 45, and 54.  Thus, the only remaining issue is whether the Individual Defendants are entitled to official immunity on Counts 8, 17, 26, 35, 44, and 53.

## I. Plaintiff has failed to properly plead his breach-of-ministerial-duty claims.

Each of the remaining counts each allege a breach of ministerial duties against the Individual Defendants.  Defendants argue that "Plaintiff has not alleged with any specificity a ministerial duty that defendants breached.  Plaintiff has attempted to side-step official immunity by using legal conclusions to allege a breach of ministerial duties" (Doc. 8 at 8).  Plaintiff responds that he has adequately pled the Individual Defendants breached their ministerial duties to him because the events as outlined in the Complaint did not require split-second decision making and the Individual Defendants acted with malice.  Plaintiff's argument is unavailing.

Missouri applies the doctrine of official immunity to "protect[] public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts."  *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008).  "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity."  *Id*. (citation omitted).  A ministerial function "is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed."  *Id*. (quotation omitted).  On the other hand, "[a] discretionary act requires the exercise of reason in the adaptation

---

[4] Defendant made a typographical error, referring to Count LIII as Count LII, which is an assault-and-battery claim.

of means to an end and discretion in determining how or whether an act should be done or course pursued." *Id.* (citation omitted).

Plaintiff cannot avoid official immunity here by alleging Defendants acted with malice. *Id.* Plaintiff must plead that Defendants failed to adhere to a mandate of legal authority, as well. *See Godbout v. KCPD Bd. of Police Comm'rs*, No. 18-00500-CV-W-ODS, 2019 WL 960185, at *5 (W.D. Mo. Feb. 27, 2019) (dismissing § 1983 claims under the ministerial exception because plaintiff failed to identify the statute or regulation the defendants were required to follow).

Each of these Counts allege Defendants breached their ministerial duties. But the Complaint fails to identify any statute, regulation, or policy Defendants were required to follow in caring out their duties. Accordingly, Plaintiff has not adequately pled that the ministerial exception to official immunity applies. Defendants' motion to dismiss Plaintiff's individual-capacity claims alleging a breach of ministerial duties is therefore granted, and Counts 8, 17, 26, 35, 44, and 53 are DISMISSED WITHOUT PREJUDICE.

## II. Plaintiff is granted leave to amend.

Anticipating this Court's dismissal of his claims, Plaintiff alternatively requests this Court grant him leave to amend his complaint. Leave to amend shall be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Unless there is a good reason for denial, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004).

Here, the Court finds that there is no good reason for denial. Plaintiff was not dilatory in bringing his claims; he simply did not properly plead them. Defendants also will not suffer prejudice by granting leave to amend. Thus, Plaintiff's request for leave to amend his Complaint

is GRANTED. The Court encourages counsel to concisely state the allegations made against Defendants in his amended complaint and to eliminate any claims which has no basis in fact or law. Plaintiff's revised and amended complaint shall be filed on or before October 16, 2020.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. 8) is GRANTED. Plaintiff's amended complaint is due on or before October 16, 2020.

**IT IS SO ORDERED.**

Date: September 22, 2020          /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT